IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VICTORIO HUIPIO #895450, ) ) ) | |
| Petitioner, ) ) ) | No. 3:23-cv-00753 |
| ) ) | Judge Trauger |
| v. ) ) | Magistrate Judge Holmes |
| THE CLERK OF THE CRIMINAL ) COURT OF DAVIDSON COUNTY ) ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Victorio Huipio, an inmate of the Everglades Correctional Institution in Miami, Florida, has filed an Amended Petition for Writ of Mandamus against Howard Gentry, Jr., the Criminal Court Clerk for Davidson County, Tennessee (Doc. No. 4) and an Application for Leave to Proceed In Forma Pauperis (Doc. No. 6).

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Petitioner's Application, it appears that Petitioner lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 6) is **GRANTED**.

Under § 1915(b), Petitioner nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Petitioner is hereby assessed the full civil filing fee of $350, to be paid as follows:

1

(1) The custodian of Petitioner's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Petitioner's account; or (b) the average monthly balance in Petitioner's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Petitioner's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Petitioner's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Petitioner's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Everglades Correctional Institution to ensure that the custodian of Petitioner's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Petitioner is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Petitioner to his new place of confinement for continued compliance with this Order.

Petitioner alleges that he sent requests for documents to Respondent on March 23, 2023, March 29, 2023, and June 12, 2023. Specifically, Petitioner requested a copy of a summons issued by the Davidson County Criminal Court to witness Dr. Michael De Guglielmo in April or May 1997. According to Petitioner, Respondent has not produced the sought-after summons because Respondent "has only searched for papers pertaining to Victorio Huipio, a name that is nonexistent in the Davi[d]son County and something not requested by Huipio." (Doc. No. 1 at 2). In his Writ of Mandamus, Petitioner asks the Court to direct Respondent to perform the search requested by Petitioner, which Petitioner believes will locate the summons for Dr. De Guglielmo. Petitioner alleges that Respondent's refusal to provide Petitioner with the requested information is impeding Petitioner's attempt to pursue post-conviction relief in Florida.

"The writ of mandamus has been abolished by Federal Rule of Civil Procedure 81(b)." *Wyttenbach v. Utah Supreme Court*, No. 3:11-CV-136, 2012 WL 996600, at *1 (E.D. Tenn. Mar. 23, 2012). However, under 28 U.S.C. § 1651, federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs of mandamus. *Id.* (citing *Youngblood v. United States*, 141 F.2d 912 (6th Cir. 1944)). However, a federal court has no authority to issues writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *See Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970); *Bordages v. Thorne*, No. 19-cv-02353, 2019 WL 8440508, at *3 (W.D. Tenn. Aug. 1, 2019) (quoting *Haggard* for the same proposition and finding the court lacked subject matter jurisdiction over Bordages's petition for writ of mandamus asking the court to direct Arkansas authorities to perform their job duties); *Wyttenbach*, 2012 WL 996600, at *1 (citing *Youngblood* and finding the court lacked subject matter jurisdiction over prisoner's petition for writ of mandamus asking the

3

court to direct Utah state courts in how they should handle proceedings under the Uniform Child Custody Jurisdiction Enforcement Act).

Here, the only relief Petitioner seeks is a writ of mandamus asking this Court to direct a Tennessee criminal court clerk in how he should perform his job duties. Therefore, the Court lacks federal subject matter jurisdiction over Petitioner's claim for a writ of mandamus and, on that basis, this action is **DISMISSED**.

It is **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

4

Case 3:23-cv-00753   Document 7   Filed 09/22/23   Page 4 of 4 PageID #: 39